**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ANDREA RUTH TAYLOR,
                Appellant,

        v.

DEPARTMENT OF COMMERCE,
                Agency.

DOCKET NUMBER
DC-1221-17-0088-W-1

DATE: August 12, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

Andrea Ruth Taylor, Alexandria, Virginia, pro se.

Christiann C. Burek, Esquire, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REVERSE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2 Effective November 16, 2014, the agency appointed the appellant to the position of Business Industry Specialist, GS-12, with the National Technical Information Service (NTIS), Office of Federal Services (OFS). Initial Appeal File (IAF), Tab 10 at 65. In or around June 2015, she expressed concerns to her OFS supervisor and NTIS chief counsels about the legality of NTIS's exercise of its joint venture authority[2] and informed them that performing work she considered illegal was placing her under duress and negatively impacting her health. *Id.* at 60. In a letter dated July 8, 2015, the appellant's OFS supervisor acknowledged her concerns and her request to be reassigned outside of NTIS but informed her that there were no appropriate positions available. *Id.* at 60-63. In a response addressed to her OFS supervisor, the NTIS Director, and a human resources specialist, the appellant stated that she had contacted the Office of the Inspector General (OIG) regarding her concerns and asserted that NTIS was grossly misusing its joint venture authority and violating Federal laws by entering into long-term Joint Venture Partnership agreements that she considered to be fraudulent. *Id.* at 54-57; IAF, Tab 8 at 9.

¶3 On September 6, 2015, the NTIS Director approved the appellant's temporary detail to unclassified duties in the Office of the Chief Information Officer (CIO). IAF, Tab 10 at 34. According to the agency, her OFS supervisor informed her on November 30, 2015, that he would not recommend her for a

---

[2] NTIS has statutory authority to enter into joint ventures with private sector entities and to operate as a permanent clearinghouse of scientific, technical, and engineering information and to collect and disseminate such information. 15 U.S.C. §§ 1152-1157. Pursuant to this authority, NTIS enters into Joint Venture Partnership agreements with selected private sector entities "to assist Federal agencies to develop and implement innovative ways to collect, connect, access, analyze, or use Federal data and data services." 81 Fed. Reg. 39025-29 (June 15, 2016).

promotion to the GS-13 level.[3] IAF, Tab 8 at 11. After the appellant requested justification for the non-recommendation, the agency promoted her to the GS-13 level effective December 13, 2015. IAF, Tab 10 at 15, 17-18. On January 6, 2016, the agency extended her temporary detail to unclassified duties by an additional 4 months. *Id.* at 12-13. Effective April 17, 2016, the agency permanently reassigned the appellant to the GS-0343-13 position of Program Analyst in the Office of the CIO. IAF, Tab 9 at 70, 72, 74-75.

¶4      On October 31, 2016, the appellant filed the instant IRA appeal alleging that, in retaliation for multiple complaints to OIG, the agency had taken the following actions against her: (1) "forced [her] to sign and release funds to contractors, with no proof the work was ever done"; (2) threatened to withhold her promotion from GS-12 to GS-13 without justification but ultimately granted the promotion approximately 6 weeks late; (3) assigned her multiple performance details that were "not possible to perform or possible to measure [her] performance subjectively"; (4) "harassed [her], provoked [her], psychology [sic] abused [her] with insane circular arguments, and threaten[ed] [her] with negative performance reviews"; (5) failed to provide her "appropriate resources or information" necessary to the successful performance of her assignments; (6) utilized an "unethical, immoral, and [] illegal" business strategy and created a "moral hazard"; (7) assigned her a performance detail that required her to "develop something like a program management system and document repository [that] is impossible for [her] as a single individual to develop such a system alone, with no resources"; (8) called the police to her office to "humiliate, intimidate, and bully [her] because [she] would not go along to get along with

---

[3] According to the agency, the appellant's OFS supervisor explained that "there is no further competition necessary to promote you, but there is no guarantee of promotion or on what time interval." IAF, Tab 8 at 11. Although it appears that the agency provided a copy of the appellant's response to her OFS supervisor's email informing her about his non-recommendation, it did not provide a copy of the non-recommendation email. IAF, Tab 10 at 17-18.

activities that force [her] to work under duress" and filed a false police report on October 27, 2016; (9) issued her performance plan almost 6 months late with no mid-point review and cancelled her end-of-the-year review; and (10) misclassified her duties and failed to provide her with the information needed to initiate her requested desk audit, which she had been requesting since April 2016. IAF, Tab 1 at 5. Along with her Board appeal, the appellant submitted an October 25, 2016 letter from the Office of Special Counsel (OSC) informing her that it was closing its investigation into her allegations that she was "detailed, reassigned, and that [her] promotion to a GS-13 was delayed as reprisal for disclosing information to the [OIG] in April 2015 and September/October 2015 concerning contracting and acquisitions irregularities, violations of several provisions of the Federal Acquisition Regulations, and other non-conforming processes and practices at [her] agency" and that her current assignment required her to violate the Clinger-Cohen Act[4] and other statutory authorities. *Id.* at 7.

¶5 In an order on jurisdiction, the administrative judge informed the appellant of her burden of proof to establish Board jurisdiction over her appeal—namely, to show that she exhausted her administrative remedy with OSC and to make nonfrivolous allegations that she made a protected disclosure or engaged in protected activity that was a contributing factor in the agency's decision to take or fail to take a personnel action. IAF, Tab 3. Both parties responded to the order, but the appellant did not submit any additional documentation regarding her filings with OSC. IAF, Tabs 4-6, 8-11, 14.

---

[4] The Clinger-Cohen Act consists of the Federal Acquisition Reform Act of 1996 and the Information Technology Management Reform Act of 1996. Omnibus Consolidated Appropriations Act, 1997, Pub. L. No. 104-208, § 808, 110 Stat. 3009 (designating §§ 4001-5702 of Pub. L. No. 104-106 the "Clinger-Cohen Act of 1996"). As stated when it was originally enacted in 1996, its purpose was "to reform acquisition laws and information technology management of the Federal Government . . . ." National Defense Authorization Act for Fiscal Year 1996, Pub. L. No. 104-106, 110 Stat. 186. It is codified in large part in various sections of titles 40 and 41 of the U.S. Code.

¶6    In an initial decision, the administrative judge found that the appellant exhausted her administrative remedy with OSC concerning the three personnel actions identified in OSC's closure letter—a detail, a reassignment, and a delayed promotion to the GS-13 level—but that she failed to submit any other evidence of the allegations raised before OSC and, therefore, had not shown exhaustion of the other seven alleged personnel actions identified in her Board appeal.  IAF, Tab 15, Initial Decision (ID) at 4-5.  The administrative judge also noted that some of the agency actions occurred after OSC's closure letter and could not have been exhausted before OSC.  ID at 5.  She found that the appellant nonfrivolously alleged that she engaged in protected activity and made a protected disclosure but that she failed to nonfrivolously allege that such activity was a contributing factor in the exhausted personnel actions.  ID at 5-9.  Accordingly, the administrative judge dismissed the appeal for lack of jurisdiction without holding the appellant's requested hearing.  ID at 9-10.

¶7    The appellant has filed a petition for review of the initial decision, and the agency has responded in opposition.  Petition for Review (PFR) File, Tabs 1, 4.

## ANALYSIS

The appellant has established jurisdiction over this IRA appeal.

¶8    The Board has jurisdiction over an IRA appeal based on whistleblower reprisal under the Whistleblower Protection Enhancement Act (WPEA), if the appellant has exhausted her administrative remedies before OSC and makes nonfrivolous allegations of the following:  (1) she engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001); *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).

A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. *Bradley v. Department of Homeland Security*, 123 M.S.P.R. 547, ¶ 6 (2016); 5 C.F.R. § 1201.4(s). Whether allegations are nonfrivolous is determined on the basis of the written record. *Bradley*, 123 M.S.P.R. 547, ¶ 6. Any doubt or ambiguity as to whether the appellant made nonfrivolous jurisdictional allegations should be resolved in favor of finding jurisdiction. *Id.* Once an appellant establishes jurisdiction over her IRA appeal, she is entitled to a hearing on the merits of her claim, which she must prove by preponderant evidence. *Salerno*, 123 M.S.P.R. 230, ¶ 5.

¶9        As noted above, the administrative judge found that the appellant exhausted the following personnel actions before OSC: her delayed promotion to the GS-13 level, her assignment to several performance details, and her reassignment. ID at 4. The appellant does not challenge these findings on review, and we agree that the appellant exhausted these personnel actions. *See* 5 U.S.C. § 2302(a)(2)(A) (defining "personnel action" as, among other things, a promotion, detail, transfer, or reassignment).

¶10       Although the appellant does not challenge the administrative judge's determination that she exhausted the three personnel actions identified in OSC's closure letter, she argues on review that she exhausted additional alleged personnel actions before OSC and has submitted, for the first time on review, copies of two OSC complaints referencing, among other things, a significant change in duties, responsibilities, and working conditions. PFR File, Tab 1 at 4-7, 10-17. In light of our disposition of this petition for review, we decline to address the appellant's newly-raised claims at this time. *See infra* ¶ 16. The appellant does not appear to challenge, and we discern no basis to disturb, the administrative judge's finding that she failed to exhaust her claims regarding the October 27, 2016 "false police report" and cancellation of her performance review, both of which postdate OSC's closure letter. ID at 5; PFR File, Tab 1. Likewise, the appellant identifies on review additional actions that the agency

allegedly took against her between October 27, 2016, and January 23, 2017, after OSC closed its investigation. PFR File, Tab 1 at 8 9. Because these actions postdate OSC's closure letter and were not raised to OSC, we find that they are not properly before the Board at this time for consideration as separate personnel actions. Nevertheless, the appellant's failure to raise these matters in her OSC complaint as separate personnel actions does not necessarily prevent her from introducing them in her Board appeal as background and additional facts in support of her claim that the agency subjected her to a significant change in duties, responsibilities, and working conditions, provided that she has otherwise exhausted her administrative remedies on that claim. *See Delgado v. Merit Systems Protection Board*, 800 F.3d 913, 924-27 (7th Cir. 2018) (holding that as long as an appellant has presented OSC with sufficient factual information to understand and investigate her claim of whistleblower reprisal, she is not prohibited from buttressing her claim in a subsequent IRA appeal with additional facts not raised before OSC); *Chambers v. Department of Homeland Security*, 2022 MSPB 8 (finding that an appellant may demonstrate exhaustion through her initial OSC complaint, correspondence with OSC, or other sufficiently reliable evidence such as an affidavit or declaration attesting that she raised with OSC the substance of the facts in the Board appeal).

¶11 The administrative judge further found that the appellant nonfrivolously alleged that she made a protected disclosure of a violation of law to the agency's OIG under 5 U.S.C. § 2302(b)(8)(B)(i) and that she engaged in protected activity under 5 U.S.C. § 2302(b)(9)(C) when she filed complaints with the agency's OIG in 2015. ID at 6-7. The parties do not challenge these findings on review, and we discern no basis to disturb them. PFR File, Tabs 1, 4.

¶12 The administrative judge found, however, that the appellant failed to nonfrivolously allege that her protected activity was a contributing factor in a personnel action because she did not address which officials were aware of her OIG activity. ID at 7-9. The appellant challenges this finding on review, arguing

that the relevant management officials were aware of her communications with OIG when they took the challenged actions. PFR File, Tab 1 at 5.

¶13 To satisfy the contributing factor criterion at the jurisdictional stage of an IRA appeal, the appellant only need raise a nonfrivolous allegation that the fact or the content of the protected disclosure was one factor that tended to affect the personnel action in any way. *Bradley*, 123 M.S.P.R. 547, ¶ 13. One way to establish this criterion is the knowledge/timing test, under which an employee may nonfrivolously allege that the disclosure was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official who took the personnel action knew of the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Id.* The Board has held that a personnel action taken within approximately 1 to 2 years of an appellant's protected disclosures satisfies the knowledge/timing test. *Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶ 18 (2015).

¶14 Here, the appellant alleged, among other things, that the agency threatened to deny her "the promotion potential [she] was due to receive in November 2015" because of her communications with OIG in early 2015 and delayed her promotion by approximately 6 weeks. IAF, Tab 1 at 5, Tab 4 at 5, 7. Although the administrative judge is correct that the appellant failed to identify which management officials were aware of her protected activities, IAF, Tabs 1, 4, 14, a letter submitted by the agency establishes that the responsible management officials became aware of appellant's OIG activity in the months preceding her delayed promotion. *See Bruhn v. Department of Agriculture*, 124 M.S.P.R. 1, ¶ 10 (2016) (stating that, in determining whether the appellant has made a nonfrivolous allegation of jurisdiction entitling him to a hearing, an administrative judge may consider the agency's documentary submissions). Specifically, as noted above, the appellant informed her OFS supervisor and the

NTIS Director in a letter dated July 8, 2015, that she had contacted OIG about the agency's alleged illegal activities. IAF, Tab 8 at 9, Tab 10 at 52-53. Several weeks later, on August 10, 2015, the NTIS Director approved the appellant's temporary detail to unclassified duties. IAF, Tab 10 at 34. Shortly thereafter, on or about November 30, 2015, her OFS supervisor informed her that he would not recommend her for a promotion to the GS-13 level. IAF, Tab 8 at 11. Less than 6 months later, in April 2016, the agency permanently reassigned her. IAF, Tab 9 at 70, 72, 74-75. Thus, we find that the appellant has made a nonfrivolous allegation through the knowledge/timing test that her protected activity was a contributing factor in her delayed promotion, detail to unclassified duties, and permanent reassignment.

¶15      Because the appellant exhausted her administrative remedy and made the requisite nonfrivolous allegations regarding her delayed promotion, temporary detail, and reassignment, we find that she has established Board jurisdiction over her IRA appeal. *Usharauli v. Department of Health & Human Services*, 116 M.S.P.R. 383, ¶ 19 (2011) (stating that, when an appellant has alleged multiple personnel actions, the Board has jurisdiction when she exhausts her administrative remedies before OSC and makes a nonfrivolous allegation that at least one alleged personnel action was taken in reprisal for at least one alleged protected disclosure). Therefore, we find that the appellant is entitled to her requested hearing and a decision on the merits of her appeal, and we remand this appeal to the regional office for further adjudication in accordance with this Remand Order. *See Salerno*, 123 M.S.P.R. 230, ¶ 5 (2016). Prior to conducting a hearing, the administrative judge shall afford the parties a reasonable opportunity to complete discovery and order the parties to submit any other evidence that she deems necessary to adjudicate the merits of this appeal. *Lewis v. Department of Defense*, 123 M.S.P.R. 255, ¶ 14 (2016).

<u>On remand, the appellant may submit the documents she submitted for the first time on review into the record for consideration by the administrative judge.</u>

¶16        The appellant has submitted a number of documents for the first time on review, including copies of two OSC complaints and correspondence with OSC, management officials, and the OIG.  PFR File, Tab 1 at 10-19, 24.  Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence.  *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).  Nevertheless, the issue of the Board's jurisdiction is always before the Board, and it may be raised by either party or sua sponte by the Board at any time.  *See Ney v. Department of Commerce*, 115 M.S.P.R. 204, ¶ 7 (2010).

¶17        Here, the appellant's newly submitted evidence appears to show that she exhausted additional personnel actions before OSC, including an alleged significant change in duties, responsibilities, and working conditions, and informed additional management officials of her communications with OIG.  PFR File, Tab 1 at 10-19, 24.  Because we find that the existing record is sufficient to establish jurisdiction, however, we have not considered these documents for the first time on review.  On remand, the appellant may submit these documents into the record consistent with the procedures and time limits established by the administrative judge.

<u>The Board lacks jurisdiction over the appellant's assertion that OSC improperly closed its investigation into her complaints.</u>

¶18        On review, the appellant also argues that OSC improperly closed its investigation into her OSC complaint without completing a proper investigation.  PFR File, Tab 1 at 4-5.  However, the alleged inadequacy of OSC's investigation has no bearing on our jurisdictional analysis.  *Salerno*, 123 M.S.P.R. 230, ¶ 15.

## **ORDER**

¶19      For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:              /s/ for _____

                                           Jennifer Everling
                                           Acting Clerk of the Board

Washington, D.C.